IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVAN WILLIAM HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-11-J |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 10th day of January, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

1

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]    Plaintiff argues that the Administrative Law Judge ("ALJ") erred by crafting a mental residual functional capacity ("RFC") that failed to account for all of his impairments and the persuasive medical source opinions. (Doc. No. 6). Further, Plaintiff contends the ALJ defectively analyzed his credibility and failed to consider his stellar work history. (*Id.*). After careful review, the Court disagrees with Plaintiff. Accordingly, substantial evidence supports the ALJ's decision.

After reviewing all the evidence, the ALJ determined that Plaintiff had the following RFC:

> [T]he claimant had the residual functional capacity to perform medium work, as defined in 20 CFR 404.1567(c), with the following additional limitations: no exposure to moving mechanical parts and high exposed places; can understand, remember and carry out simple instructions; can use judgment to make simple work-related decisions; can have occasional interactions with coworkers, supervisors, and the general public; can deal with occasional changes in a routine work setting; cannot perform work requiring a specific production rate, such as assembly line work or work that requires hourly quotas.

(R. 1183). Plaintiff specifically takes issue with his mental RFC. (Doc. No. 6). In crafting this mental RFC, the ALJ reviewed many medical source opinions and prior administrative medical findings, including opinions from Mark Frederick, LPC, Jack Thomas, Ph.D., Arlene Rattan, Ph.D., Roger Fretz, Ph.D., and Wayne D'Agaro, Psy.D. (R. 1188-93). Drs. Thomas, Fretz, and Rattan found Plaintiff had mild to moderate mental limitations. (R. 1192; Exs. 1A, 3A, 19F). The ALJ found these less-limited opinions generally persuasive and somewhat persuasive. (R. 1192). Mr. Frederick's opinion was more limiting, as he assessed that Plaintiff had no useful ability to function and was unable to meet competitive standards in several areas of mental functioning. (R. 1190-91; Ex. 14F). The ALJ found this opinion to be not persuasive. (R. 1191). Additionally, Dr. D'Agaro conducted neuropsychological evaluations of Plaintiff and assessed that he was somewhat limited, as he recommended that Plaintiff work at a slower pace, recheck his work, avoid multitasking, and return to work only four hours per day to start. (R. 1190; Ex. 4F). The ALJ found this opinion inconsistent with the record and unsupported by Dr. D'Agaro's findings of improved functioning and mild-to-moderate severity of impairments. (R. 1190). After assessment of these opinions, the ALJ determined, as stated above, that Plaintiff had the mental RFC to remember and carry out simple instructions and use judgment to make simple work-related decisions. (R. 1183).

Plaintiff first takes issue with the ALJ's analysis of Dr. D'Agaro's neuropsychological exams. Plaintiff contends the ALJ erred by not incorporating any of Dr. D'Agaro's opined limitations into the RFC and by ignoring the "inconvenient facts" in Dr. D'Agaro's examinations. (Doc. No. 6 at 14-16). Plaintiff references Dr. D'Agaro's findings that Plaintiff had mild and moderate difficulty in several areas of mental functioning and that he required help when doing basic paperwork, had a poor memory, was unable to multitask, required a slow pace of work to minimize mistakes, and had an inability to work with customers. (*Id.* at 16). Plaintiff's argument overlooks that the ALJ found Dr. D'Agaro's restrictive recommendations to be inconsistent with the rest of the record and not supported by Dr. D'Agaro's own findings. (R. 1190). Moreover, as Defendant correctly points out, Plaintiff points to many findings, such as needing help when doing basic paperwork, that derive from Plaintiff's own testimony rather than medical findings. (*See* Doc. No. 6 at 16 (citing R. 98, 108-9)). The other findings, including Plaintiff's poor memory, his inability to multitask, his requirement of a slow pace of work, and his inability to work with customers, were all considered by the ALJ and ultimately reflected in the RFC, which limited him to occasional interactions, work not requiring a specific production rate, simple instructions, and only occasional changes. (R. 1183). Accordingly, Plaintiff's argument on this point is without merit.

Plaintiff next contends that the ALJ did not fully account for Therapist Frederick's opinion. Specifically, Plaintiff posits that the ALJ's RFC should have included Mr. Frederick's restrictive limitations, as they were consistent with the overall moderate level of limitation supported by the record. (Doc. No. 6 at 17). Mr. Frederick opined that Plaintiff was "unable to meet competitive standards" and had "no useful ability to function" in several areas of mental functioning. (Ex. 14F/5-6). However, the ALJ fully considered Mr. Frederick's opinion; he found it, though, to be unpersuasive. (R. 1190-91). The ALJ determined this after explaining that this opinion was inconsistent with other evidence and unsupported by Mr. Frederick's clinical record. (*Id.*). Moreover, as Defendant correctly points out, the ALJ noted that Dr. Thomas, addressing Mr. Frederick's opinion in his interrogatories, stated that Mr. Frederick's opinion "is a mental impairment rating from a counselor who has treated the claimant since September 14, 2021. The ratings do not appear supported by the clinical record. The claimant's difficulties overall are mild to moderate and would not yield any marked ratings." (R. 1191 (quoting Ex. 19F/6)). Thus, the ALJ determined that Mr. Frederick's opinion was inconsistent with the wider record, showing moderate limitations, and logically excluded his opined limitations from Plaintiff's RFC.

Likewise, the Court finds no merit in Plaintiff's argument that the ALJ erred by not incorporating all of Dr. Thomas' opined limitations after finding this opinion generally persuasive. (Doc. No. 6 at 12, 18). Plaintiff asserts that the ALJ failed to incorporate any limitation recognizing Plaintiff's limitations in carrying out instructions, concentrating, persisting, or maintaining pace, adapting or managing himself, and

3

responding appropriately to usual work situations. (*Id.*). Plaintiff overlooks the limitations the ALJ included in his RFC, including limitations to simple work-related decisions; understanding, remembering, and carrying out simple instructions; occasional interactions with coworkers, supervisors, and the public; and occasional changes in a routine work setting. (R. 1183). These limitations incorporate Dr. Thomas' opined limitations, including that Plaintiff had mild to moderate limitations regarding understanding, remembering, and carrying out instructions, interacting with others and responding appropriately to usual work situations, and to changes in a routine work setting. (R. 1191-92 (citing Ex. 19F/8)). This RFC adequately reflected the ALJ's finding of no more than moderate limitations in mental functioning and, therefore, Plaintiff's argument on this point is without merit.

Plaintiff next contends that the ALJ erred in analyzing the state agency administration findings from Drs. Rattan and Fretz and by not incorporating their opined one-to-two step task limitation into his RFC. (Doc. No. 6 at 12). Dr. Rattan opined and Dr. Fretz concurred that Plaintiff be limited to one-and-two step tasks. (R. 1192; Ex. 1A/5-6, 9-10; 3A/9-10, 15). The ALJ found this limitation inconsistent with the overall moderate level of impairment evidenced by the record, but Plaintiff contends this consistency analysis was not supported by any authority. (Doc. No. 6 at 18-19). Plaintiff ignores that the ALJ fully explained her reasoning as to these opinions, stating:

> [T]he claimant's mental health impairments were generally controlled solely with medication management by his primary care provider more recently, and the more recent mental status examinations were generally unremarkable. (23F). Therefore, the undersigned rejects the limitation to one-and two-step tasks. The conservative, routine and somewhat minimal mental health treatment records and generally mild to moderate overall mental status examinations are not consistent with any limitations beyond those indicated by the residual functional capacity assessment in this Finding.

(R. 1192). Moreover, previously in her decision, the ALJ explained that Plaintiff suffered moderate impairments in mental functioning after surveying all of the medical evidence. (*See* R. 1188 (explaining Plaintiff's neuropsychological testing and how it showed that Plaintiff's "impairment remained in the mild to moderate range")). Accordingly, the ALJ's analysis of these opinions and decision to omit the limitation to one-and-two step tasks is supported by substantial evidence.

Finally, Plaintiff argues that the ALJ defectively analyzed his credibility and erred by failing to consider his stellar work history. Plaintiff posits that his testimony was consistent with the medical opinions of record and, therefore, should have been credited. (Doc. No. 6 at 19-22). Plaintiff's argument disregards that the ALJ explained why she

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 5) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 10) is GRANTED.

                                              s/Mark R. Hornak, J.
                                              United States District Judge

ecf:        Counsel of record

---

found Plaintiff's complaints not credible. The ALJ stated that Plaintiff's testimony as to memory, attention, concentration, and understanding difficulties was not supported by the record or Plaintiff's testimony, which showed that Plaintiff had only mild to moderate mental limitations and could answer all questions asked. (*See* R. 1184-93). Moreover, Plaintiff was not entitled to heightened credibility based solely on his work history. *See Corley v. Barnhart*, 102 Fed. Appx. 752, 755 (3d Cir. 2004); *Thompson v. Astrue*, No. 09-519, 2010 WL 3661530, at *4 (W.D. Pa. Sept. 20, 2010) (stating "a claimant's work history alone is not dispositive of the question of his credibility, and an ALJ is not required to equate a long work history with enhanced credibility."). Here, the ALJ acknowledged Plaintiff's prior work history as an automobile salesman and his attempt to return to work after his accident. (R. 1188, 1193). The ALJ properly evaluated Plaintiff's symptoms and explained why she found these to be inconsistent with the evidence of record. (R. 1184-93). Accordingly, Plaintiff's argument on this point fails.

For these reasons, the ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.